# LAW OFFICES OF JILL R. SHELLOW

Telephone: 212.792.4911 / Fax: 212.792.4946 / jrs@shellowlaw.com
15 Chester Avenue, White Plains, NY 10601

May 31, 2023

**BY ECF AND EMAIL**
The Honorable Lewis J. Liman, USDJ
Southern District of New York
500 Pearl Street
New York, NY 10007
LimanNYSDChambers@nysd.uscourts.gov

      RE:    *United States v. Brian Kung*, 20-cr-129 (LJL)

Dear Judge Liman:

      This letter is submitted for Your Honor's consideration in determining a sentence that is sufficient but not greater than necessary for Brian Kung who Your Honor will sentence on June 14, 2023. Mr. Kung was indicted for conspiracy to commit money laundering of narcotics proceeds. He pled guilty to a Travel Act violation where the object was the money laundering.

      I was appointed to represent Brian Kung on January 31, 2022 . Two weeks later Your Honor arraigned Mr. Kung and set a trial date in September 2022. [REDACTED]

      Brian is 64 years old. He was born in China, but raised in Hong Kong, Peru and Canada. He is a naturalized Canadian citizen. Brian moved to Honolulu in the mid-1980s and started his own bakery in the late 1980s. Brian married and became the father of two daughters in the early 1990s.. After a short marriage, Brian and his wife divorced, and Brian happily accepted custody of the girls. In the 1990s, Brian started another romantic relationship. He lived with, but did not marry, the mother of his two sons. When that relationship soured, the boys went to live with Brian, and he became a single parent of four young children.

      Owning and operating a bakery while raising small children is daunting. Brian went to the bakery after the children went to bed and was home in time to get them up and off to school. Working nights allowed Brian to pick up his children from school and ferry them to their various after-school activities. The bakery struggled financially, but through it all Brian's children were his first priority. When his children had all left home in the mid-2010s, Brian sold the bakery, paid off the money he had borrowed to keep it afloat and moved to the New York area. As the PSR details, while Brian worked at several jobs when he moved to the East Coast, while he was working as a courier he met the people who involved him in the scheme that brings him to Your Honor's courtroom.

      Brian is a proud man. It was important to him that the Probation Officer who was preparing the PSR know that even in hard times, Brian never accepted any form of public assistance,

Admitted: NY, CT, DC

**The Honorable Lewis J. Liman**
**United States District Judge**
May 31, 2023
Page 2

and when I first met Brian's now-grown children, he wanted me to know that he had never complained to them or asked them for help – even when their financial support could have helped Brian avoid the people who employed him.

Brian has admitted that he is a criminal and knows that he must be punished. *See* Exhibit A., Brian Kung's letter to Your Honor, May 29, 2023. Brian is ashamed of himself and for his family for what he did. He has learned his lesson.

Each of Brian's children and a niece have also written to Your Honor.

- Stacy (31 years old) is Brian's oldest child, and she concedes that she is the most emotional of her siblings. Every time that I talk with Stacy, she quietly sobs. Stacy talks about how difficult it was to forge a family when the two girls had one mother and the two boys had another. But she reports that as adults they have come together to support one another and to support their father. *See* Exhibit B.

- Stephanie (29 years old) is Brian's younger daughter. Stephanie describes her father as one who rarely gives hugs or shows his emotions, but who showed his love for his children by "hustling everyday" – 8PM to 6AM – to support his children. *See* Exhibit C.

- Bernard (25 years old and the oldest son), writes that he and his father recently talked for the first time about the years when Bernard was growing up. Bernard has been feeling unmoored in life. He has dropped out of a mechanical engineering program. Brian's response was comforting and supportive. Brian said, "no matter how many times [Bernard] failed in life that he always loved [him] and believed in [him]." Bernard recounts that his father "just wants [him] to be happy" and Bernard knows even as Brian is growing older that Brian would still take him in with open arms to live together in New York. *See* Exhibit D.

- Brandon (23 years old), is Brian's youngest child. Brandon works for Citigroup as a financial markets analyst. Brandon acknowledges that he would not be where he is today had it not been for the support from his father who once a month cooks dinner for him and sends him home with groceries from Costco even though at this point Brandon is not in need. *See* Exhibit E

Helen So is Brian's niece. She lives in Vancouver and was the primary caregiver for her grandmother (Brian's mother). Helen describes a close relationship with her Uncle Brian whose guidance has been an "invaluable compass" for her as she navigates "life's uncertainties." She notes that "[d]uring moments of self-doubt, Uncle Brian's unwavering faith in [her] served as a beacon of encouragement and reassurance." *See* Exhibit F.

**The Honorable Lewis J. Liman**
**United States District Judge**
May 31, 2023
Page 3



Immigration Consequences of Conviction

Brian is not a United States citizen. He has had a green card since he was in his late 20s. Because of the potential immigration consequences of any conviction, Your Honor appointed Thomas H. Nooter as co-counsel. Mr. Nooter, is not only a member of this District's CJA Panel, but he also has an active immigration practice for more than 30 years.

According to Mr. Nooter, at some point after Brian is sentenced, a deportation officer will decide whether Mr. Kung should be placed in removal proceedings in immigration court because his conviction was for either a crime involving moral turpitude or an "aggravated felony." Immigration authorities have the discretion to decline to initiate removal proceedings and a declination is more likely if Brian is not sentenced to prison.

The "aggravated felony" definition enumerates specific criminal offenses including money laundering. But the list is not conclusive. If Brian's crime is deemed an "aggravated felony" then there are mandatory detention requirements, and Brian would be detained

**The Honorable Lewis J. Liman**
**United States District Judge**
May 31, 2023
Page 4

without bond until the immigration case is concluded. Moreover, Brian would have no defense against removal.

Travel Act violations are not on the enumerated list. Nevertheless Mr. Kung may still be deportable, but he would be eligible to apply to the immigration court for "cancellation of removal." An immigration judge would weigh mitigating versus aggravating factors and decide whether Brian should be deported. These factors would include, among others, the length of time Brian has lived in the United States, the relatives and others in the United States who depend on him, and the seriousness of his crime. A sentence of probation, or of home confinement, would make it more likely that Brian will be granted cancellation of removal. Brian might even be able to avoid being put into immigration proceedings at all.

<u>Conclusion</u>

We urge the Court to recognize that deportation after having lived in the United States for approximately 30 years would be an excessive punishment for Brian's crime, particularly in light of the fact that his children are all located in the United States. A sentence of probation, with or without a term of home confinement as a condition, means that there is a chance that Brian will not have to suffer the extra penalty of being deported.

Brian has worked hard and has been promoted. He has refrained from accepting job offers where he would have greater responsibilities and would be paid accordingly, because he does not want to leave his employer in the lurch if Your Honor sends him to prison.

Last Thanksgiving, Stacy announced that she intends to get married in February 2024. Brian has lived with the very real possibility that he will not be able to walk her down the aisle. I respectfully request a sentence of time served, or probation with conditions, followed by three years supervised release. If Your Honor believes that Brian needs a prison sentence we ask that the period of incarceration be less than 365 days.

Respectfully submitted,

Jill R. Shellow

Copies by email to:
    AUSA Sebastian Swett
    AUSA Aline Flodr
    Brian Kung